# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JERNAGIN,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER SPANN,<br><br>    Defendant. | No. 13 C 8857<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Demetrius Jernagin, a pretrial detainee at Cook County Jail ("CCJ"), brings this action pursuant to 42 U.S.C. § 1983, alleging Cook County Correctional Officer Spann was deliberately indifferent to his serious medical needs. This matter is presently before the court on Defendant's motion for summary judgment. Because Plaintiff failed to exhaust his administrative remedies, I am granting Defendant's motion in its entirety.

## BACKGROUND

Plaintiff alleges that during the 7am to 3pm shift on the dates of May 18 and 19, 2013, he spoke to Defendant about a death in his family and requested a psychiatric evaluation. According to Plaintiff, Defendant's behavior following that request was inappropriate and unconstitutional. After the incident, Plaintiff filled out a grievance form and gave the form to his counselor. Plaintiff received a control number, 2013 x 1688.

Plaintiff received a response to this grievance on June 21, 2013. Plaintiff testified at his deposition that the grievance denial was not readable. Plaintiff's counselor testified that she could not read it either. Plaintiff also testified that he wanted to appeal the denial of his grievance and started to write appeal by writing "app," but that his counselor crossed his writing out.

1

According to Plaintiff, he was never told to sign the form and that he never once had access to a CCJ's rules and regulations.

## LEGAL STANDARD

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

I consider the record in the light most favorable to the non-moving party, and I draw all reasonable inferences in the non-movant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir.2002). I will accept the non-moving party's version of any disputed fact, however, only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers,*

*Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the PLRA is to allow for "corrective action" to be taken in response to an inmate's grievance and to improve prison administration and satisfy the inmate. *Booth v. Churner*, 532 U.S. 731, 737 (2001). Section 1997e(a) requires "proper exhaustion"; that is, the inmate must file a grievance utilizing the procedures and rules of the state's prison grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).

The "applicable procedural rules" that a prisoner must properly exhaust are not defined by the PLRA, but by the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (Section 1997e(a) requires a "prisoner [to] file complaints and appeals in the place, and at the time, the prison's administrative rules require."). The Seventh Circuit has taken a "strict compliance approach to exhaustion, meaning that the prisoner must properly use the prison's grievance system." *Santiago v. Anderson*, 496 Fed.Appx. 630, 636 (7th Cir. 2012); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). If the prisoner fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809; citing *Pozo*, 286 F.3d at 1025. Proper exhaustion is also required before a detainee may file a lawsuit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

CCJ had an established grievance procedure in 2013 that was available to all detainees.

3

*See Smith v. Hallberg*, 11 C 0188, 2012 WL 4461704, at *7 (N.D Ill. Sept. 25, 2012) (citing *John Howard Association's Court Monitoring Report*, filed on May 12, 2000, in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill), which reflected that the Cook County Jail has "an established and publicized grievance procedure"). Under these rules, inmates are required to file an Inmate Grievance Form within 15 days of the event they are grieving and file an appeal within 14 days of the date the detainee received a response to his or her grievance. These requirements provide jail officials the opportunity to investigate the validity of the detainees' claims and take appropriate actions in response to their findings. *See Woodford*, 548 U.S. at 93.

Here, Plaintiff is precluded from pursuing this action because he failed to exhaust the administrative remedies set forth by the CCJ. Plaintiff has failed to provide any evidence that he appealed his May 2013 grievance after receiving a response to it on June 21, 2013. Plaintiff argues that he did not sign or appeal the grievance denial because it was not readable. According to Plaintiff, he could not understand what grievance was being denied and the reasons for its denial.

After reviewing the grievance response form, the Court agrees that the explanation section is illegible, but the form's summary of the complaint, which says that "detainee alleges verbal assaults by correctional staff," as well as the form's grievance control number, "2013 x 1688," are easy to read. These two legible sections of the form provide enough information to contradict Plaintiff's argument that he did not understand which of his grievances were being denied. In fact, the control number on its own would be sufficient.

If Plaintiff had any questions about the grievance process, he had ample opportunities to ask his counselor for additional clarification. Plaintiff, however, never followed-up with his counselor about the grievance—nor did he submit another non-grievance request regarding the

complaint—until almost four months later. It is clear that Plaintiff had plenty of opportunities to appeal this grievance or ask for clarification because a review of the logbooks indicates that Officer Freedman had 286 instances of contact with detainees in the month following the receipt of the response to Plaintiff's grievance and was on duty 19 of the 30 days during that month.

Plaintiff also argues that he never had access to CCJ's rules and regulations. The directions for grievances, however, are clearly laid out on the forms themselves. Furthermore, Plaintiff had access to the Inmates Rules and Regulations Handbook, which outlines the CCJ grievance procedure.

Even if Plaintiff did not have access to CCJ's rules and regulations, which seems unlikely, ignorance about the grievance requirements does not excuse noncompliance. *See Hudson v. Corizon* Medical Services, 557 Fed. Appx. 573, 574–75 (7th Cir. 2014) (an inmate's ignorance of his ability to appeal a grievance does not excuse the exhaustion requirement); *McSwain v. Schrubbe*, 382 Fed. Appx. 500, 503, 2010 WL 1904856 *3 (7th Cir. 2010) ("ignorance of the proper grievance procedure does not excuse compliance"); *Twitty v. McCoskey*, 226 Fed. Appx. 594, 595–96 (7th Cir. 2007)(rejecting a plaintiff's argument that he did not have to exhaust his administrative remedies because the jail officials allegedly failed to make him aware of the grievance procedure).

## CONCLUSION

Plaintiff failed to fully exhaust his administrative remedies prior to bringing suit where he failed to file appeals to the relevant grievances. Accordingly, I am granting Defendant's motion for summary judgment in its entirety.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 1, 2015